the fourth district appellate court of the state of illinois has reconvened the honorable craig hd armand presiding morning council we'll call 4-23-0127 sean ford et al appellees versus gary d fitzgerald senior appellant good counsel for the appellant please state your name for the record this is ryan byers of rammelkamp bradley pc for the defendant appellant gary fitzgerald senior thank you mr byers counselor for the appellee could you please state your name for the record nelson mitten of riesenberger pc for the respondents thank you mr mitten mr byers you may proceed thank you your honor uh may it please the court and counsel this is a case in which the appellate court must determine whether it is proper for a trial court to disregard the clear unambiguous language that a settler included in her trust for the sake of reaching a result in terms of distribution that is preferred by the plaintiffs in the case the precedent of the courts of this state establish that disregarding such language is an exercise in which trial courts cannot engage absolutely cannot engage in as the court is aware the trusted issue here is that of marjorie fitzgerald and the language that is to be construed is contained within that trust now in the record below uh over the months and years that this case has gone on it has been somewhat unclear as to whether the plaintiffs are making an argument that the trust language is ambiguous or unambiguous in fact there is a reference in their first amended complaint to an ambiguity of intent however in their briefs before this court it appears that the plaintiffs appellees have settled on the conclusion that the language that we're discussing of the marjorie fitzgerald trust is in fact unambiguous language precedent is clear that when we have an unambiguous document the supreme court has told us that courts cannot add to or modify the terms of that unambiguous document one such case in which that rule was stated was northern trust company v 1981 furthermore the supreme court has stated that where there is no ambiguity within a document it is the plain language of that document that will control one such case including that rule being watkins v nobling 22 illinois second 290 from 1961 this leads to the question of what is the unambiguous language of the marjorie fitzgerald trust that we're here to discuss today and the parties do not seem to disagree as to what the applicable paragraphs of the trust are or even what it is that they state and there are two trust paragraphs that are primarily at issue before the court today and those are paragraphs 7.02 and 7.50 of the trust both of which deal with distribution of trust property upon the passing of marjorie fitzgerald and beginning with paragraph 7.02 it clearly states that after certain personal property is distributed to the defendant appellant gary fitzgerald senior the balance of the trust up to the generation skipping trust exemption amount provided for in the internal revenue code is to be divided into thirds and each one of those thirds is to be given to a generation skipping trust and there is one skipping trust established for each of mrs fitzgerald's three grandchildren two of whom are the plaintiffs and one of whom is gary fitzgerald the second um so counsel good morning i'm sorry laryngitis here so if you can't understand my question let me know or you can't understand my question i'm sorry i'm not sure i'm going with this does that language at the same time say that real estate up to the gst exemption amount should be allocated for gary fitzgerald the second and therefore how does this trust um or it tells us how the trust should be divided or does it tell us how the trust should be divided when the only remaining asset is the real estate and so isn't there at least an implied ambiguity here in the language when we don't have that excuse me information how can the settler's intent to divide the assets equally be reconciled with what you've just described and i've added thank you your honor i believe that the intent that is stated is not an unqualified intent to divide the property equally there is a statement regarding equal the property but when that statement is made in paragraph 7.02 and 7.50 that is a qualified equal division of the property and it is qualified with the language that your honor points out that the real estate is to be given to the generation skipping trust for the benefit of the situation where there aren't any other assets like here is that right that is correct your honor i and admittedly the trust does not explicitly state that if the only asset is real estate then that provision regarding assignment of the real estate to gary fitzgerald the second's trust still applies i we have to acknowledge that is not explicitly stated however it is also not explicitly stated that if the only remaining asset is real estate that the real estate should be divided among the three grandchildren's generation skipping trusts and your honor had asked you know does this create an ambiguity at least an implicit ambiguity in the language of the document i first we would say to that uh if there is such an ambiguity that is not raised by the plaintiff's palance before this court uh the position that they have taken is that this is an unambiguous document uh and if in fact it is considered to be ambiguous uh there are rules of construction that the supreme court and the other courts of this state have established for construing ambiguous documents and those rules would lead to the conclusion that the real estate still ought to be assigned to the generation skipping trust for the benefit of gary fitzgerald the second specifically some of those rules that are at play uh is that when we're talking about choosing between multiple constructions and there is a construction uh that will give effect to all of the provisions of the trust the court must adopt uh that construction and the construction that was adopted by the trial court again if we're assuming there was an ambiguity our primary position is that there is not and and the other party's position as well as that there's not but if we're going to choose between two interpretations of the document the interpretation advocated for by the appellee gives effect to the provision that says all the the second if the interpretation that was adopted by the trial court is allowed to to stand that language effectively becomes a nullity uh and is read out of the document altogether and if what we're doing is construing an ambiguous document rules of construction indicate that we should give all language effect to the extent that it is possible but doesn't your position excuse me counsel effectively disinherit the two granddaughters effectively it does your honor that is absolutely correct however um there are cases in which it is indicated that in light of clear language of a trust such a disinheritance will be allowed to uh and in particular i would point the court's attention to case of larison v record which is cited to in our brief and is a supreme court case from 1987 uh 117 illinois second 440 444 excuse me uh and in that case we had a circumstance in which there were a married couple there was a married couple and they both had children from previous relationships and at issue was a will which resulted in the child of the first party to pass away being disinherited and the argument uh before the supreme court uh was that clearly this could not have been the intention of the married couple uh to disinherit uh the i believe it was the husband's daughter uh however that is the effect uh that the language of the instrument had when applied to the facts that were present at the time of the death of the wife who was the second of the couple to die and the illinois supreme court in that case uh declined to alter the provisions or alter the distribution uh under that will simply because it led to the daughter's disinheritance the language of these documents is paramount and the language of these documents must be followed mr byers you point out in your brief uh that uh actually plaintiffs are not heirs uh uh at law uh under the laws of intestacy uh defendant is the decedent's sole surviving uh heir does that what of what significance is that back to either the case law that has been cited by uh plaintiffs or your analysis here uh relative to the trust document well thank you your honor and we had included that argument and that law um proactively anticipating uh an argument that we had seen the plaintiffs make in the past and there had been a that was cited to uh by the plaintiffs that they argued stood for the proposition uh that because the the grandchildren were individuals who would be treated equally under intestacy law there had to be some sort of special showing um before they could be disinherited and we made that argument in our brief anticipating that argument from plaintiffs again but plaintiffs in their response brief actually stated that they were making no such argument so so at that juncture i think the point effectively becomes a moot one if plaintiffs are not even raising that argument but the fact remains that if there were an argument made that there had to be a special showing of disinheritance because these individuals were heirs at law they're not heirs at law uh the the only heir at law is the sole surviving child of marjorie fitzgerald who is in fact gary fitzgerald senior thank you thank you uh i would also like to returning to the language of the uh the language of the the trust itself we discussed a bit paragraph 7.02 but it should be noted that paragraph 7.02 does not stand alone paragraph 7.02 states that the distributions made under it are subject to the generation skipping trust provisions that are contained within paragraph 7.50 of the trust and if we that when dividing the trust real estate among the generation skipping trusts for the three grandchildren uh all and all real estate should be allocated to the generation skipping trust for the benefit of gary fitzgerald ii which again is a further indication and further reinforcement that the benefit of the real estate going to gary fitzgerald ii was the true intention of marjorie fitzgerald every time that the real estate is explicitly mentioned in connection with being distributed to these generation skipping trusts there is a statement that it is to be allocated again up to one-third of the the generation skipping trust exemption amount it is to be allocated to the generation skipping trust for the benefit of the grandson not of the granddaughters also and hopefully this was apparent from the briefs but just to re-emphasize there is no contention uh either in the motion from summary judgment that the ruling on which is being appealed from nor is there a contention in the briefs before this court uh that there was any property to be distributed uh other than real estate uh so we truly are dealing with a situation or or at least an argument for these purposes where only real estate is at issue and there was also no issue raised in either the motion for summary judgment or the briefs before this court that the value of the real estate to be divided was less than one-third of the applicable generation skipping trust exemption and in fact the that value was established by an appraisal that was of gary fitzgerald ii so as a result of this unambiguous language of the trust and those surrounding facts the defendant trustee upon marjorie fitzgerald's death did in fact allocate that real estate solely to the generation skipping trust for the benefit of gary fitzgerald ii the seek to have that distribution undone now with the real estate being divided equally among the generation skipping trusts for the benefit of each of the three grandchildren and that is what the trial court below ruled the only way for that ruling to stand is to ignore the specific language about real estate that is included not once but twice in the trust and is included every time in trust that there is a specific mention of distribution of real estate so with all due respect to the trial court its ruling on the motion for summary judgment read out of the trust marjorie fitzgerald's unambiguous direction that her grandson was to the benefit of that real estate and this court the fourth district appellate court in a case called a state of crotts which is 168 illinois third 545 made it abundantly clear that a trial court cannot rewrite a testamentary document based solely on its notion of what is again with respect to the trial court we believe that that is what was done in the ruling on the motion for summary judgment below that is in direct contravention of this court's directive in crotts and in contravention of decisions of the illinois supreme court for that reason your honors we would ask that the ruling on the motion for summary judgment be overturned reserve and rebuttal that concludes my remarks all right thank you counsel mr mittens for the appellate thank you your honors opposing counsel um mr byers is correct that we basically do not believe there is an ambiguity here but we also believe that the interpretation given this trust by the trial court is the correct one rather than the one given by the trustee in this case um it's fairly we both agree that we are looking primarily at section 67.02 and 7.50 of the trust but in both of those sections the grantor miss fitzgerald clearly states that she is giving her property all of her property to be distributed equally among the three trusts for her grandchild there is no qualification to that contained within that particular sentence and therefore it's our position that that's the clear language of the trust and that should be followed as followed by the trial court mr may i ask you a question just in terms of the the record does does the record establish um uh how long uh the uh the farm ground had been the uh in the family or uh the property of the uh the decedents i don't know if it's actually committed had been with the property of the many years okay and does the record establish uh whether um uh gary the second uh farmed that ground was actively farmed on the ground that's at issue uh and whether or not any other family members farmed that ground uh no i don't believe the record clearly makes that in terms of the summary judgment okay even as to whether or not gary the second farmed that ground i think that's clear he did farm the ground okay thank you um now so when you were focusing on the word good morning when you were focusing on the word all we don't we need to apply the principle of something more controls and here there was a designation of the real estate property going to um gary fitzgerald the second so wouldn't that supersede uh um the word all in terms of what needs to be looked at ascertain um the meaning of the the language in this trust well i i'm not really sure you could do that judge because of the fact that again you're looking at the term all i mean one of the there may be what i think and this is where maybe we disagree and i disagree with those opposing counsel on this when you look at that language there may have been an intent not to break up the farm at the time even though it was the value of the farm was to be distributed among the three trusts but i do not believe that you can interpret this language when you talk about all even if you go back if attachments to the trust as indicated in the record basically lists the property and it's the real estate and the other property is listed in it and other there at the time i believe there was some stock but that was gone by the time of the death of the of the settler and so therefore at that time you know the only property was the trust so you're basically if you allocate only the farmland to uh to gary the second you're basically saying that the first line is completely being read out of the trust well but doesn't the language you just talked about isn't that language qualified by the language that the allocations for the grandchildren under that paragraph 7.02 shall be subject to the gst separate trust provision set forth in 7.50 and in that section it specifically indicates that when allocating the property between these three trusts all real estate held in this trust shall be allocated shall if we want to pick one word out which is what you're doing with all let's pick another one out shall be allocated to the very two gst trust essentially up to the allowable amount which is one third of the total gst exemption amount and nobody disagrees with the fact that the total value of the land that remains available is less than the amount that uh is exempted well i want to deal with the latter one i'm not so sure that we if this goes back to the trial court we will agree with that we wanted what we wanted to do at this point was get an interpretation of the trust so we did not go into whether there was property beyond that under the generation skipping trust but for the per as mr byers for the purpose of the appeal we'll just assume that and by interpreting the trust you mean getting a construction of the trust right getting the construction trust so to properly allege the right to go in and try to construe the trust you have to allege an ambiguity yes and i believe the ambiguity is created by the two interpretations judge in the sense that there are two interpretations we also requested you didn't claim any ambiguity you didn't claim either an actual or latent ambiguity in your complaint did you no your how are we to get an interpretation of the trust unless we either do it by construction or by the declaratory judgment which is count six which specifically says we want to get this interpreted in some fashion because the interpretation of the trustee was contrary the interpretation of my clients of the trust how you do it is between you and the trial court we're the reviewing court i understand what's the record that you gave us the record the record is that the judge granted the summary judgment as to both count one for a construction of the trust as well as count six for a declaratory judgment as to the interpretation of the language of the trust so under we believe under either of those counts we can get the construction get the court to basically interpret what is the proper reading of this trust go ahead i'm sorry no so that is the basis for both the trial the motion for summary judgment at the trial court as well now and now confronting go ahead proceed with your argument i apologize i didn't mean to take you off track no no that's perfectly fine so judge your honors we firmly believe that you know we think that if we think that if there was going to be a you know if miss fitzgerald was going to basically automatically give all of the property to gary jr she would have taken she would not have put in the language at the beginning of both 7.02 7.50 which shows a clear intent to distribute all of it to all three grandchildren subject to the provisions subject to the provisions yes doesn't that mean anything i think it means something only to the extent that she indicated her intent she didn't want the property the real estate broken up at that point that she did not necessarily upon her death mean that all the property was going to be broken up because there's provisions in the trust for the consent but otherwise it would have had to have been partitioned immediately well but they're all contingent upon there being more land than the exemption limits for the gst trust well what you're saying is that the under 7.02 would have to mean that the real estate would have to all have a value above the gst limit what our position is that even if the property real estate was not above the gst gst limit it still needed to be distributed equally among all three grandchildren and that again what the whole concept of the gst limit is to try to create the an effective allocation under the tax laws as opposed to the basically how she was going to distribute her property so what we are contending is that if you again as we said if you read it that the appellant is reading it you are basically disinheriting the other two grandchildren which would again go fly straight into the statement made at the beginning of both 7.02 and 7.50 which clearly indicates an intent to distribute all of the property to equally among the three grandchildren we think a better interpretation of this would be that basically the reason was put into one trust to begin with was to avoid immediate partition of the property rather than basically to say the other two grandchildren get nothing because value of the real estate did not exceed the generation skipping plaque well but it wouldn't if if there was concern about partitions you could have included language that they're going to get an undivided x percentage well i understand that judge but that's not how it's written and again clear intent that's my point it there's no specific reference to that it doesn't your your your assumption is she didn't want to partition the land no and the only reason that that assumption exists is so that there's well because now we have nothing left but land no and i understand that judge and that's the reason that i still believe that if you look at the plain language right at the beginning that's what articulates your clear intent i mean i appreciate the fact that that's what you've got to argue but he just kind of ignores all the rest of the language of the trust and you kind of wonder i thought we were supposed to take all of this in conjunction with each each provision well i understand that but i believe that you have to look paramount at the interpretation as given by 7.02 and 7.50 and that's the interpretation given by the trial court which to which we agree go ahead mr minton i took you off the track again no that's fine uh your honors i really don't have unless they have any questions there's one thing that i do want to correct which mr byers pointed out at the in my paragraph section c i misquoted uh a statute miscited a statute concerning whether there was a requirement of an accounting at the time that the trustee became the trust uh became the trustee uh i cited incorrectly cited the current language which actually was incorrect because it had been changed the site had been changed in 2020 the requirement for a trust accounting to all beneficiaries was actually at the time that the trustee came in was 7 6 0 i l c s 5 11 open paren a closed paren and again that language is identical to what's contained in the current language and so i do apologize to the court mr byers for misciting that at the time mr minton uh just one final question for my uh uh point here uh in terms of the standard of review do you agree that it's de novo yes sure okay thank you for interpretation of the trust um yes i had one further question excuse me also why shouldn't your claims be barred by latches here the suit was not brought until january 26 2017 and no inquiry was made about this for at least six years i believe after uh settler passed away um why shouldn't your claims be barred your clients claims be barred well i think it goes back to exactly what we're talking about is the trustee in this instance there's no evidence that my clients knew about that there was a trust they knew they were supposed to get some they believe they were supposed to get some distribution out of the estate but they did not know about a trust until the seven at least according to record until 2016 when finally they got a notice from the trustee saying that there is going to be some sort of distribution per the terms of the trust and therefore at that time they inquired well what's the trust they asked for a copy of the trust and that's where the court ultimately held that because the trust these were clearly beneficiaries under the trust and under illinois law they were required to be given an accounting of the trust from the day that he accepted he take that action basically did not put my clients on notice that they had a claim under a trust they believed again that was supposed to be distributed under the estate and again they did not have it they didn't make some inquiries but again that's what the trial court held was until basically 2016 my clients did not know about the terms of the trust and therefore took effective action within that period of time okay all right it looks like there are no other questions thank you counsel thank you your honor mr byers rebuttal thank you your honor one of the things that has been a bit difficult about defending this case is that the plaintiffs seem to to want to do this dance of the trust is ambiguous in one moment when it suits them and then the trust isn't ambiguous you know when that suits them and coming into today's arguments based on the briefs i was under the impression that everybody was now in agreement that the trust was an unambiguous document uh however in the the plaintiff's comments just now we're talking about there being multiple interpretations we're talking about uh you can read it one way you can read it another way and this argument is now uh full of the language of ambiguity again and perhaps that's as i believe judge dearmond pointed out with one of his questions and is cited to in our brief without an ambiguity there's no jurisdiction to construe a trust in the first place and again there's there is no ambiguity alleged in the complaint so again it's been our position all along if that's the case we don't know why it is that we're we're sitting here talking about an doesn't cite to ambiguous language to begin with um but the fact of the matter is even if this document is going to be considered ambiguous the rules of construction uh as have been indicated throughout the court's questioning the rules of construction still lead to the conclusion that uh mr fitzgerald's uh gary fitzgerald senior's interpretation uh of the trust is the correct one uh again more specific language uh such as the language regarding the real estate must control over a more general language regarding property that is from mccreary v bermud 332 illinois 645 supreme court case from 1928 also it's very interesting that council for the plaintiffs focuses in on the word all which occurs relatively early in the relevant paragraphs rules of construction if we are going to apply rules of construction as though this is an ambiguous trust those rules of construction say that language appearing later in a document is to be given favor over language appearing earlier in a document as a more uh recent statement of the settlor's intent that comes from cases such as wild mooster v swainer which is 404 illinois 21 from 1949 uh so again it is our position that this document is unambiguous uh it is our position uh that the unambiguous reading of the document results in the real estate being distributed gary fitzgerald and the second generation skipping trust but even if we're playing in a world uh where this document is ambiguous which it was never alleged to be rules of construction still lead to the same result that plaintiff has been i'm sorry defendants have been urging all along and i would also briefly like to address uh the question regarding the lashes argument uh mr mittens comment was lashes cannot operate to bar counts of the complaint because there was no knowledge about the trust until 2016 however there's documentation in the record in a form of a letter from the plaintiff's council which says that they knew upon their grandmother's death that they were in their minds at least entitled to an equal distribution out of her estate and whether they knew about a specific trust instrument or did not know about a specific trust instrument when they thought that they were entitled to an equal distribution and that equal distribution was not forthcoming that put them on a duty on notice to inquire further justifiers of what relevance is the doctrine of latches uh in this appeal uh well your honor um originally uh the very first complaint and i see that i'm out of time would you like me to finish answering the question please yes please uh the doctrine of the plaintiff's first complaint uh or i'm sorry of the first amended complaint and then that dismissal uh was reconsidered and this is a situation where most of the counts of the plaintiff's complaint uh first amended complaint in some way relates to a breach of fiduciary duty which the court will be aware uh has a five-year statute of limitations associated with let me interrupt you is it an issue was there a cross motion for summary judgment is it before this court in some way there was not a cross motion your honor okay thank you all right thank you counsel we appreciate your arguments the court will take this matter under advisement the court stands in